REGAN, Judge.
The plaintiff, Mrs. Geraldine Choi Cochran, filed this suit against her husband, John H. Cochran, endeavoring to obtain a judgment of separation from bed and board, predicated upon certain acts of cruelty on the part of the defendant.
The defendant answered and denied the foregoing accusations, and then reconvened requesting the rendition of a judgment of separation on his own behalf based upon the cruel acts of his wife.
After a trial on the merits, judgment was rendered in favor of the plaintiff, granting her a separation a mensa et thoro and dismissing the defendant’s reconventional demand.
From the foregoing judgment the defendant has prosecuted this appeal.
The record reveals that the plaintiff and the defendant resided in a small three bedroom cottage, together with their young daughter and the plaintiff’s mother. When the trial hereof occurred, the plaintiff was thirty-one years of age and the defendant was forty-nine. Arguments often developed between them, and because of the relatively crowded conditions existing in the house, plaintiff’s mother occasionally became involved in the arguments.
The plaintiff testified that the defendant’s temper was violent and that on at least one occasion he threatened to strike her. She asserted that he cursed and reviled her, discussed their personal life in the presence of her mother, and repeatedly accused her of being unfaithful. In addition thereto, she complained that her husband’s drinking became a problem which affected their relationship.
The defendant readily admitted that arguments were not uncommon in the household, and that his mother-in-law was present during some of the altercations. He conceded that he drank beer, but insisted that he only imbibed on Friday nights, when he played cards, and on Sunday, when he played softball.
The only other person to testify was Mrs. Velma Choi, the plaintiff’s mother. Mrs. Choi’s testimony substantiated the fact that her daughter and son-in-law argued, but the total effect of her testimony was not of such a nature as to influence in any manner the result to be reached herein.
*685 The foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously accepted plaintiff’s version of the nature and cause of her marital difficulties and, therefore, concluded that she was free of any fault therein, and that the true cause thereof was the fault of the defendant.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ version of the incidents which provoked this suit. The trial judge accepted the plaintiff’s version thereof, and our analysis of the record convinces us that the evidence preponderates in her favor, and the judgment is therefore correct.
For the foregoing reasons, the judgment of the lower court is affirmed. The defendant is to pay all costs of these proceedings.
Affirmed.